# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| SABRINA WATKINS and ) | |
| LEJUANE THORNTON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 7:23-cv-01082-LSC |
| ) | |
| TUSCALOOSA COUNTY ) | |
| SCHOOL DISTRICT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OF OPINION

### I. Introduction

Plaintiffs Sabrina Watkins and Lejaune Thornton bring this action against the Tuscaloosa County School Board, its Board Members, and fictitious defendants "Bus Driver" and "Driving Trainer." Plaintiffs allege violations of 42 U.S.C. § 1983 and state tort law.[1] Before the Court is Defendants' motion to dismiss. (Doc. 8.) Because Plaintiffs fail to state a claim over which this Court has jurisdiction, Defendants' motion to dismiss is due to be **GRANTED**.

---

[1] Thornton joins this suit in his capacity as the "life partner" of Watkins to allege a loss of consortium. (Doc. 7 ¶¶ 2, 81.) Because loss of consortium is a derivative claim, his claim rises and falls with Watkins's claims. *Lyons v. Vaughan Reg'l Med. Ctr., LLC*, 23 So. 3d 23, 29 (Ala. 2009). Accordingly, this Court will not address his claim further.

## II. Background[2]

This action derives from a non-contact automobile accident on I-59 allegedly involving a Tuscaloosa County school bus. (Doc. 7 ¶ 16.) According to Plaintiffs, Watkins's vehicle was in the blind spot of a Tuscaloosa County school bus when it veered into her lane, forcing her vehicle off the road, and causing her to strike a concrete barrier. (*Id.* ¶¶ 16, 18, 20.) Plaintiff alleges that, at the time, Driving Trainer was training Bus Driver how to drive the bus. (*Id.* ¶ 16.)

An Alabama State Trooper responded to the accident and drafted a report. (*Id.* ¶ 33; doc. 2-1.) The accident report indicates that the State Trooper spoke with Bus Driver and Driving Trainer, but it does not identify them. It also describes the bus as a Tuscaloosa County school bus. (Docs. 7 ¶¶ 27, 33; 2-1 at 2.) Despite this report, Defendant Tuscaloosa County School Board denies that it had any school buses on the roadways on the date of the accident. (Doc. 7 ¶ 32.) Accordingly, the School Board has not provided Plaintiffs with the identity of Bus Driver or Driving Trainer. (*Id.* ¶ 36.)

---

[2] At the motion to dismiss stage, the Court must accept the plaintiff's version of the facts as true, and "[construe] the reasonable inferences therefrom . . . in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). The following facts are, therefore, taken from Plaintiffs' allegations in the complaint, and the Court makes no ruling on their veracity.

Plaintiffs describe several unsuccessful attempts to identify Bus Driver and Driving Trainer. (*See id.* ¶¶ 36, 38–40.) They claim to have made "numerous attempts" to obtain the names of Bus Driver and Driving Trainer from Defendants, although Plaintiffs do not describe those attempts. (*Id.* ¶ 35.) They allege that the State Trooper has the names of both Bus Driver and Driving Trainer—as well as audio and video recordings of his interactions with them—and is willing to provide that information to Plaintiffs but is allegedly unable to do so without a subpoena or other court order. (*Id.* ¶¶ 33, 37.) Plaintiffs state that they also requested a copy of the video recordings from the Alabama Law Enforcement Agency, which allegedly responded that it would not provide the video without a subpoena. (*Id.* ¶ 38.) Eventually, Plaintiffs filed a petition for pre-suit discovery in the Circuit Court of Tuscaloosa County, Alabama. (*Id.* ¶ 39.) After waiting for months with no ruling on their petition, Plaintiffs voluntarily dismissed the pre-suit discovery action in state court. (*Id.* ¶¶ 42–43.) They then filed suit in this Court, along with a motion for discovery prior to a Rule 26(f) conference. (Docs. 1, 2.)

To supply this Court with subject matter jurisdiction, Plaintiffs included § 1983 claims in their complaint related to Defendants' failure to identify Bus Driver and Driving Trainer. (*See* doc. 1 ¶ 15.) Plaintiffs claim that Defendants denied them access to the courts by "refus[ing] to cooperate with [their] attempts to seek

justice," and that they "would have received significantly better treatment were [they] white wom[e]n." (Doc. 7 ¶¶ 70, 76.) To support their racial discrimination claim, Plaintiffs allege a "history of racial bias against African Americans" occurring within the school district. (*Id.* ¶ 46.) For example, they claim that white employees have called African American students racial slurs, and that an African American woman who applied for a job was "overlooked in favor of an older white male candidate who was less qualified." (*Id.* ¶¶ 54, 57.) Defendants challenge the sufficiency of these allegations and this Court's subject matter jurisdiction.

### III. Standard of Review

Defendants move to dismiss Plaintiffs' claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Where, as here, a Rule 12(b)(1) motion implicates the merits of a plaintiff's claims, this Court must proceed as if the motion were a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997).

To satisfy Rule 12(b)(6), a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, to withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint "must plead enough facts to state a claim to relief that is plausible on its face." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347–48 (11th Cir.

2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Stated another way, the factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). A complaint that "succeeds in identifying facts that are suggestive enough to render [the necessary elements of a claim] plausible" will survive a motion to dismiss. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556) (internal quotation marks omitted).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* If the pleading "contain[s] enough information regarding the material elements of a cause of action to support recovery under some

'viable legal theory,'" it satisfies the notice pleading standard. *Am. Fed'n of Labor & Cong. of Indus. Orgs. v. City of Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683–84 (11th Cir. 2001)).

### III. Discussion

Plaintiffs assert two constitutional violations under 42 U.S.C. § 1983, one for denial of access to courts and one for racial discrimination, along with several state tort law claims. Defendants move to dismiss the entire action on the grounds that the § 1983 claims lack merit, and without them, this Court lacks jurisdiction to decide the state law claims.[3] As explained below, Plaintiffs fail to adequately plead their § 1983 claims, and this Court declines to exercise supplemental jurisdiction over the state law claims. Accordingly, Defendants' motion is due to be **GRANTED**.

### A. Plaintiffs plead no facts supporting their claim that Defendants denied them meaningful access to the courts.

Plaintiffs claim that Defendants' refusal to identify Bus Driver and Driving Trainer constitutes a denial of their constitutional right to access the courts in violation of 42 U.S.C. § 1983. To state a claim under § 1983 for denial of access to courts, a plaintiff must allege "official acts frustrating the litigation" of an underlying

---

[3] The Board Member Defendants also raise a qualified immunity defense. However, because this action is due to be dismissed on other grounds, the Court does not address qualified immunity.

cause of action. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Chappell v. Rich*, 340 F.3d 1279, 1282–83 (11th Cir. 2003). A plaintiff need not be physically barred from entering a courthouse to state a claim, but must have been denied meaningful access to judicial recourse. *Worthy v. City of Phenix City, Alabama*, 930 F.3d 1206, 1221 (11th Cir. 2019) (citing *Chappell*, 340 F.3d at 1282).

Plaintiffs fail to state a claim in that their pleadings establish they had meaningful access to the courts. *Id.* Plaintiffs admit to filing a petition in state court and then voluntarily dismissing that petition. (Doc. 7 ¶¶ 40, 42.) Although Plaintiffs note that Defendants objected to their petition, they do not allege any actionable conduct by Defendants that denied them meaningful access to judicial recourse. (*Id.* ¶ 41.) As Defendants argue, nothing prevented Plaintiffs from litigating their claims in state court other than their own decisions.[4] Plaintiffs do not dispute this point.[5]

Instead, Plaintiffs argue that Defendants "intentionally neglected to perform any investigation" to avoid liability. (Doc. 9 at 2.) Even assuming the truth of this allegation, it is insufficient to support a claim for denial of access to courts. *See*

---

[4] Defendants explain that they objected to Plaintiffs' state court petition on multiple grounds, including procedural deficiencies, and that in the nine months in which their petition was pending, "[Plaintiffs] never attempted to cure the deficiencies in [their] Petition, never requested a hearing on [their] Petition, and never sought [certain] information [they] now seek[] in" their pre-Rule 26(f) conference discovery motion. (Doc. 8 ¶¶ 12–13.)
[5] Plaintiffs nominally oppose the motion to dismiss but offer minimal response to Defendants' arguments.

*Chappell*, 340 F.3d at 1283; *Swekel v. City of River Rouge*, 119 F.3d 1259, 1264 (6th Cir. 1997) (finding allegations that defendants failed to investigate and covered up evidence insufficient to support a claim for denial of access to courts where the plaintiff "never presented evidence that the state court could not adequately address these problems"). Plaintiffs cite—and this Court finds—no authority to support their contention that Defendants' refusal to help them investigate could plausibly constitute a violation of § 1983. *See, e.g.*, *Watkins v. Six Unknown Broward Sheriff Jail Deputies*, 671 F. App'x 761, 762 (11th Cir. 2016) (affirming dismissal of access-to-courts claim where the plaintiff alleged that the defendant "refused to voluntarily identify" fictitious defendants). Thus, Plaintiffs fail to state a claim under § 1983 that Defendants denied them access to the courts. *Worthy*, 930 F.3d at 1221; *Iqbal*, 556 U.S. at 678.

> **B. Plaintiffs fail to support their equal protection claim with factual allegations plausibly showing that Defendants racially discriminated against them.**

Plaintiffs also allege that Defendants violated § 1983 by denying them equal protection. They claim that, if they were white, Defendants would have identified Bus Driver and Driving Trainer. However, because Plaintiffs rely on wholly unrelated allegations to support this claim, it fails.

The Equal Protection Clause of the Fourteenth Amendment prohibits racial discrimination. *Loving v. Virginia*, 388 U.S. 1, 10 (1967). To plead an equal protection claim, a plaintiff must allege facts plausibly showing that state actors, motivated by a discriminatory purpose, treated similarly situated persons disparately. *Thigpen v. Bibb Cnty., Ga., Sheriff's Dep't*, 223 F.3d 1231, 1237 (11th Cir. 2000); *Jones v. Bd. of Comm'rs of Ala. State Bar*, 737 F.2d 996, 1003 (11th Cir. 1984). Relevant allegations may include "racially biased comments, better treatment of similarly situated persons outside the plaintiff's class, or pretext in the justification offered for the [challenged] official action." *Red Door Asian Bistro v. City of Fort Lauderdale*, No. 22-11489, 2023 WL 5606088, at *7 (11th Cir. Aug. 30, 2023) (per curiam) (citing *Jenkins v. Nell*, 26 F.4th 1243, 1250–51 (11th Cir. 2022)); *see Washington v. Davis*, 426 U.S. 229, 242 (1976) ("[A]n invidious discriminatory purpose may often be inferred from the totality of the relevant facts….").

Defendants highlight four key pleading deficiencies plaguing Plaintiffs' equal protection claim. Plaintiffs offer no response to any of these concerns.

First, those pleadings that appear relevant are insufficient to prevent dismissal in that they are no more than "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002); *Iqbal*, 556 U.S. at 679. These include

Plaintiffs' allegations that they "would have received significantly better treatment were [they] white wom[e]n," and that the "disparate treatment" they received "occurred solely because [Watkins], as a Black woman, is seen by Defendant[s] as unimportant." (Doc. 7 ¶¶ 76–77.)

Second, Plaintiffs fail to allege that any of the Defendants in this action are or were aware of their race. Defendants could not have racially discriminated against Plaintiffs unless they knew their race. *Lubetsky v. Applied Card Sys., Inc.*, 296 F.3d 1301, 1306 (11th Cir. 2002).

Third, Plaintiffs fail to allege any facts regarding what any of the named Defendants did or failed to do. Plaintiffs also do not allege their attempts to learn the identities of Bus Driver and Driving Trainer, from whom they sought that information, or whether anyone was authorized to share that information. These shortcomings impermissibly leave the basis of Plaintiffs' discrimination claim entirely to speculation. *Edwards*, 602 F.3d at 1291. Defendants are left without "adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).

Fourth, Plaintiffs assert wide-ranging allegations purporting to show racial bias. Although some of the allegations are reprehensible if true, not one describes an

incident involving Plaintiffs or Defendants, and not one has any bearing on Plaintiffs' claim. *Cf. Payne v. Goodyear Tire & Rubber Co.*, 760 F. App'x 803, 808 (11th Cir. 2019) (per curiam) (finding unrelated allegations insufficient to support racial discrimination claim).

In sum, Plaintiffs' pleadings, taken as true, suggest that others may be victims of racial discrimination. But they do not support an inference that Defendants are culpable or that Plaintiffs were discriminated against. Accordingly, Plaintiffs fail to state an equal protection claim. *Thigpen*, 223 F.3d at 1237.

### C. This Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims.

Plaintiffs assert that this Court has supplemental jurisdiction over their state law claims pursuant to 28 U.S.C. § 1367. When, as here, a district court has original jurisdiction over a plaintiff's federal claims, § 1367 provides supplemental jurisdiction "over all other claims that are so related … that they form part of the same case or controversy…." *Id.* § 1367(a). However, the Eleventh Circuit "encourage[s] district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004).

This Court has original jurisdiction over Plaintiffs' § 1983 claims. 28 U.S.C. § 1331. As explained above, those claims are due to be dismissed. Assuming without

deciding that Plaintiffs' state law claims are "so related" to their § 1983 claims as to allow this Court to exercise supplemental jurisdiction, it declines to do so here. 28 U.S.C. § 1367(a), (c)(3).

## IV. Conclusion

For the reasons discussed above, Defendants' motion to dismiss is due to be **GRANTED**. The Court will enter an Order consistent with this Memorandum of Opinion.

**DONE** AND **ORDERED** ON JANUARY 18, 2024.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
215647